IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERRI R. LOWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:12-CV-1725-G-BH |
| | ) | |
| VIEWPOINT BANK, | ) | |
| | ) | |
| Defendants | ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for pretrial management, including the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendations on dispositive motions. Before the Court is *Plaintiff Sherri Lowe's Motion for No-Answer Default Judgment*, filed on June 29, 2012 (doc. 9). Based on the relevant filings and the applicable law, the motion should be **DENIED**.

### I. BACKGROUND

On June 4, 2012, the plaintiff filed this *pro se* action against the defendant arising from its closure of her accounts and paid the filing fee. By order dated June 5, 2012, the Court advised her that because she had paid the filing fee, she was responsible for serving the defendant with a summons and a copy of the complaint in this case as provided by Rule 4(c) of the Federal Rules of Civil Procedure. A summons and a copy of Rule 4 was mailed to the plaintiff. On June 5 and 29, 2012, the plaintiff filed returns of service showing that she had personally mailed the summons to the defendant via United States mail, return receipt requested. (*See* docs. 7-8.) On June 29, 2012, she moved for a default judgment. The defendant filed an answer to the complaint on July 2, 2012, and asserted improper service as an affirmative defense. (*See* doc. 10.)

## II.  ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment.  Fed. R. Civ. P. 55.  The Fifth Circuit requires a three-step process for securing a default judgment.  *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure.  FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141.  Next, an entry of default may be entered by the clerk when the default is established by affidavit or otherwise.  FED. R. CIV. P. 55 (a); *New York Life Ins.*, 84 F.3d at 141.  Third, a plaintiff may then apply to the clerk or the court for a default judgment after an entry of default.  FED. R. CIV. P. 55 (b); *New York Life Ins.*, 84 F.3d at 141.

In this case, the plaintiff has moved for default judgment prior to securing entry of default, and she has failed to establish default.  The returns and plaintiff's own motion reflect that she has not complied with Rule 4.  Rule 4(c)(2) specifically provides that "[a]ny person who is at least 18 years old and *who is not a party* may serve a summons and complaint."  FED. R. CIV. P. 4(c)(2) (emphasis added).  Here, the plaintiff attempted to serve the defendant herself in contravention of Rule 4(c)(2).  In addition, the defendant has now appeared and has filed its answer.  The plaintiff has not shown that entry of a default judgment is warranted.

## III.  RECOMMENDATION

The plaintiff's motion for default judgment should be **DENIED**.

**SIGNED this 3rd day of July, 2012.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3