**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SHERRI R. LOWE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | No. 3:12-CV-1725-G-BH |
| | ) | |
| VIEWPOINT BANK, | ) | |
| | ) | |
| **Defendant.** | ) | **Referred to U.S. Magistrate Judge** |

<u>**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**</u>

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for pretrial management. Before the Court are *Defendant ViewPoint Bank's Second Renewed Motion to Dismiss for Lack of Subject Matter Jurisdiction*, filed March 15, 2013 (doc. 39), *Plaintiff's Motion for Directed Verdict*, filed December 13, 2012 (doc. 27), which has been liberally construed as a motion for summary judgment, and *Plaintiff's Motion for Summary Judgment*,[1] filed April 5, 2013 (doc. 42). Based on the relevant filings, evidence, and applicable law, the motions should be **DENIED**.

**I.  BACKGROUND**

On June 4, 2012, Sherri R. Lowe (Plaintiff) filed this *pro se* action against ViewPoint Bank (Defendant) arising from its closure of her checking accounts.  (*See* Orig. Compl. (doc. 3) at 1.)[2] In her amended complaint, she asserts federal claims for violation of her due process right under the Fifth Amendment and 42 U.S.C. § 1983; invidious discrimination under Title II of the Civil Rights Act (CRA) of 1964; and violations of several federal criminal statutes, the Right to Financial Privacy

---

[1] This motion was included in *Plaintiff's Response to Defendant's First Amended Answer and Response and Motion to Dismiss Defendant ViewPoint Bank's Second Renewed Motion to Dismiss for Lack of Subject Matter Jurisdiction/Plaintiff's Motion for Summary Judgment* (doc. 42).

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Act (RFPA), and the Gramm-Leach-Bailey Act (GLBA).  (*See* Am. Compl. (doc. 24) at 3–9.)  She also asserts state law claims for breach of the duty of good faith and breach of "ordinary care" under the Texas Uniform Commercial Code (UCC), negligence, breach of contract, and defamation and slander.  (*See id.*)

Plaintiff claims to be the owner of a consulting business called "Lowe's Consulting Services, Inc." (LCS).  (doc. 24 at 1–2.)  On May 15, 2010, she opened a checking account with Defendant on behalf of LCS and deposited a $1,500 check from one of LCS's clients.  (*Id.* at 9, 28–31.)  On May 20, 2010, Defendant closed both her business and personal checking accounts.  (*Id.* at 8–10.)  Plaintiff later filed a report with the Addison Police Department (APD).  (*Id.* at 23.)  She told the investigating officer that she "was missing $112" as a result of Defendant's actions.  (*Id.*)  When the officer inquired with the bank, the bank manager responded that Defendant "refused to do business" with Plaintiff and would mail her a certified check "as per Bank procedure."  (*Id.*)

On December 13, 2012, Plaintiff filed a motion for directed verdict that has been liberally construed as a motion for summary judgment.  (*See* docs. 27, 28.)  Defendant later filed a renewed[3] motion to dismiss for lack of subject matter jurisdiction.  (doc. 39.)  Together with her response to Defendant's motion to dismiss, Plaintiff filed a motion for summary judgment.  (*See* doc. 42 at 12–20.)  The motions are now ripe for recommendation.

## II.  RULE 12(b)(1) MOTION

Defendant seeks dismissal under Rule 12(b)(1), contending that the Court lacks subject-matter jurisdiction over this case.  (doc. 39.)

A motion to dismiss under Rule 12(b)(1) challenges a court's subject matter jurisdiction.

---

[3]  Defendant's previous motions were deemed moot because Plaintiff amended her complaint.  (*See* docs. 22, 26, 29, 37).

*See* Fed. R. Civ. P. 12(b)(1).  Such a motion "may be raised by a party, or a by a court on its own initiative at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006).  The Court must dismiss the action if it determines that it lacks jurisdiction over the subject matter.  *See* Fed. R. Civ. P. 12(h)(3).

## A.   Rule 12(b)(1) Standard

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).  This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id*.  When the court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id*.

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).  A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the

allegations in the complaint, taken as true, sufficiently state a basis for subject matter jurisdiction. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id*. Facial attacks are usually made early in the proceedings. *Paterson*, 644 F.2d at 523. When evidence is presented with the motion to dismiss, the attack is "factual" and "no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413. A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

Here, Defendant does not support its Rule 12(b)(1) motion with evidence. It presents a facial attack that does not require resolution of matters outside the pleadings. *See Ramming*, 281 F.3d at 161; *Williamson*, 645 F.2d at 412–13.

**B.      Federal Question Jurisdiction**

Defendant argues that federal question jurisdiction is lacking because "[t]he federal statutes cited by Plaintiff do not provide a private cause of action and none can be inferred." (doc. 39 at 2.) She asserts claims for violations of her due process rights under the Fifth Amendment and 42 U.S.C. § 1983; invidious discrimination under Title II; and violations of criminal statutes 18 U.S.C. 493, 494, 1005, and 1006, the RFPA, and the GLBA. (*See* doc. 24 at 3–9.)

A court has federal question jurisdiction when the plaintiff's claim arises under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331 (2005). A claim arises under federal law when federal law creates the cause of action, or when a state law claim raises a federal issue. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *Singh v. Duan Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008). The party invoking federal question

4

jurisdiction bears the burden of establishing its existence. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103–04 (1998); *accord Ramming*, 281 F.3d at 161.

When a private citizen relies on a federal statute as a basis for federal question jurisdiction, that statute must provide a private cause of action, or else a federal court will not have subject matter jurisdiction to hear the dispute. *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 817 (1986). "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) (quotation omitted). Instead, the statute must either explicitly create a right of action or implicitly contain one. *Id.* at 575. Without congressional intent to create a private cause of action, one does not exist, and courts may not create one, no matter how desirable or compatible with the statute. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). The question of whether Congress intended to create a private right of action is "definitively answered in the negative where a statute by its terms grants no private rights to any identifiable class." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283–84 (2002) (internal quotations omitted).

Federal courts have determined that 18 U.S.C. §§ 493, 656, 1005, and 1006, as well as the GLBA, by their terms, do not create a private right of action. *See Fed. Nat. Mortgage Ass'n v. Smith*, No. 3:13-CV-1091-K-BN, 2013 WL 1759521, at *5 n.1 (N.D. Tex. Apr. 5, 2013), *rec. adopted*, 2013 WL 1763479 (N.D. Tex. Apr. 24, 0013) (finding that § 1006 "was not intended to be used in civil litigation or as a basis for a private right of action") (internal quotations omitted); *U.S. ex rel. Nagy v. Patton*, No. MISC.A. 11-267, 2012 WL 1858983, at *2 (E.D. Pa. May 22, 2012) (holding that § 656 does not create a private right of action); *Riddle v. HSBC Consumer & Mortgage Lending, Household Fin. Corp. III*, No. 1:10-CV-408, 2010 WL 3475339, at *3 (W.D. Mich. Sept.

2, 2010) (same with respect to § 493) (citation omitted); *Connell v. Regions Bank*, No. 507CV77/MCR/EMT, 2007 WL 1877677, at *2 (N.D. Fla. June 27, 2007), *rec. adopted*, 2007 WL 2214860 (N.D. Fla. Aug. 1, 2007) (same with respect to § 1005); *Borinski v. Williamson*, No. CIV.A. 3:02-CV-1014-L, 2004 WL 433746, at *3 (N.D. Tex. Mar. 1, 2004) (holding that the GLBA provides no private cause of action) (listing cases). Similarly, Plaintiff has failed to cite any legal authority to support a finding that she has a private cause of action under 18 U.S.C. § 494, which criminalizes falsely making, altering, forging, or counterfeiting bonds and other instruments for the purpose of defrauding the United States. *See* 18 U.S.C.A. § 494. Defendant is correct that Plaintiff has failed to carry her burden to establish federal question jurisdiction exists based on these statutes. *See Merrell Dow*, 478 U.S. at 817 (holding that "a complaint alleging a violation of a federal statute ..., when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States'") (citing to 28 U.S.C. § 1331); *see also Hunter*, 2013 WL 607151, at *5 (dismissing for lack of subject matter jurisdiction where the plaintiffs lacked standing to sue under the statute at issue).

Section 1983,[4] Title II,[5] and the RFPA[6] do provide private causes of action, however. In

---

[4]  Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994); *see also* 42 U.S.C. § 1983.

[5]  Title II "prohibits discrimination in public accommodations." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 340 (5th Cir. 2008). It provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, ... without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C.A. § 2000a; *Heart of Atlanta Motel, Inc., v. United States*, 379 U.S. 241, 247–49 (1964). Under §2000a, a plaintiff cannot obtain money damages but only injunctive relief. *See* 42 U.S.C.A. § 2000a–3(a); *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968).

[6]  The RFPA prohibits financial institutions from releasing a customer's financial records to a government authority until it "certifies in writing to the financial institution that it has complied with the applicable provisions of this chapter." 12 U.S.C.A. § 3403(b) (West 2011). Under the RFPA, "customers aggrieved by the improper disclosure of their records have a private right of action against the governmental authority that obtained the records and the financial institution

relation to her § 1983 claim, Plaintiff alleges that Defendant violated her right to due process by closing her accounts (her personal property) "on the assumption that she was committing a criminal act" without first verifying the matter or providing her with notice of its actions.  (doc. 24 at 5–6.) Further, she essentially alleges that Defendant discriminated against her on the basis of her race in violation of Title II by denying her access to its facility and prohibiting her from opening a business checking account.  (*Id.* at 9.)  Lastly, she contends that Defendant violated § 3403(b) of the RFPA by breaching its affirmative and continuing obligation to protect her financial information.  (*Id.* at 5.)  Her allegations, which must be taken as true, are sufficient to allege a basis for subject matter jurisdiction under these statutes and to withstand Defendant's facial attack.  *See Paterson*, 644 F.2d at 523; *see also  Hunter v. Branch Banking and Trust Co.*, No. 3:12-CV-2437-D, 2013 WL 607151, *2 (N.D. Tex. Feb. 19, 2013) (Fitzwater, C.J.) (with a facial attack, the court looks only at the sufficiency of the allegations in the pleading and assumes them to be true, and if the allegations are sufficient to allege jurisdiction, the court must deny the motion to dismiss).

According to Defendant, Plaintiff "does not contend that [Defendant] was a state actor," "allege enough facts to suggest that [Defendant] excluded her from its locations or services ...," and "fails to provide any facts showing how [Defendant] allegedly" violated the RFPA.  (*See* doc. 39 at 7–8.)  These arguments address the merits of the case by challenging the sufficiency of the factual allegations in the complaint to state a viable claim for relief.  The proper vehicle for this type of challenge is a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a

---

that disclosed the records." *Tucker v. Waddell*, 83 F.3d 688, 692 (4th Cir. 1996) (citing 12 U.S.C. § 3417(a)) (emphasis deleted).  A customer may recover statutory, actual, and punitive damages, as well as costs and attorney's fees against an entity that violates the Act.  *See* 12 U.S.C.A. § 3417(a).

motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted

as true, to state a claim to relief that is plausible on its face.") (citation and internal quotation marks

omitted); *see also Differential Dev.-1994, Ltd. v. Harkrider Distrib. Co.*, 470 F. Supp. 2d 727,

733–34 (S.D. Tex. 2007) (explaining that "[i]f subject-matter jurisdiction is intertwined with the

merits of the case, a motion to dismiss should be brought and resolved under Rule 12(b)(6), not Rule

12(b)(1)," and that if "resolution of the jurisdictional question requires resolution of an aspect of the

substantive claim," "Rule 12(b)(6) is the appropriate procedural vehicle") (citations omitted).

Plaintiff has carried her burden to show that at least some of her claims "arise under federal

law", and the Court therefore has federal question jurisdiction over this case. Defendant's motion

to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) should be denied.[7]

### III.  MOTIONS FOR SUMMARY JUDGMENT

Plaintiff moves for summary judgment on all claims.  (*See* docs. 27 at 1–10; 42 at 12–20.)

### A.    <u>Summary Judgment Standard</u>

Summary judgment is appropriate when the pleadings and evidence on file show that no

genuine issue exists as to any material fact and that the moving party is entitled to judgment as a

matter of law.  Fed. R. Civ. P. 56(a).  "[T]he substantive law [determines] which facts are material."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists

"if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Id*.

The movant must inform the court of the basis of its motion and identify the evidence that shows

there are no genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the movant makes this showing, the non-movant must then direct the court's attention

_____

[7]  Because Plaintiff has demonstrated the existence of federal question jurisdiction under 28 U.S.C. § 1331, it is not
necessary to reach Defendant's arguments regarding diversity jurisdiction under 28 U.S.C. § 1332. (*See* doc. 39 at 9–10.)

to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in her favor. *Anderson*, 477 U.S. at 249.[8]

All of the evidence must be viewed in a light most favorable to the motion's opponent. *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Nevertheless, neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claims and must "articulate the precise manner in which that evidence supports [the] claim[s]." *Ragas v. Tenn. Gas Pipeline, Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to her case and as to which she will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322–23.

Courts generally liberally construe the pleadings of a *pro se* plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). There is no obligation under Rule 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment", however.

---

[8] "The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials.'" *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (citing Fed. R. Civ. P. 56(c)(1)).

*Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.1998)).   Parties must "identify specific evidence in the record" supporting challenged claims and "articulate the precise manner in which that evidence supports [those] claim[s]." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

**B.    Evidentiary Objection**

Defendant objects to the documents attached to Plaintiff's motion on grounds that they have "not been properly authenticated."  (doc. 31 at 3.)

Plaintiff attached to her motions copies of what she contends are an office leasing agreement for LCS, a "consulting contract" between LCS and a client, the police report, a transaction statement for one of her accounts, bank documents relating to her business checking account, and a deposit slip dated May 15, 2010.  (*See* docs. 27 at 12–31; 42 at 22–41.)  With the exception of the deposit slip, all of these documents are also attached to Plaintiff's amended complaint, and they are therefore considered part of the pleadings.  *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Ultimately, because the outcome of Plaintiff's motions would be the same with or without consideration of these documents, Defendant's objection is overruled.  *See Kirkpatrick v. Jasmine Inc.*, No. 3:06-CV-0793-BH, 2012 WL 1116471, at *2 n.1 (N.D. Tex. Apr. 2, 2012) (overruling evidentiary objection where the challenged evidence was not outcome-determinative).

## IV.  FEDERAL CLAIMS

**A.    Section 1983**

Plaintiff moves for summary judgment on her § 1983 claim for violation of her due process

rights under the Fifth Amendment.  (doc. 27 at 2–3, 5–6.)  Defendant responds that the claim fails

as a matter of law because Plaintiff "cannot seriously allege that [Defendant] is a government or

acted with the cloak of governmental authority."  (D. Resp. Br. (doc. 31) at 5.)

As stated earlier, § 1983 "provides a federal cause of action for the deprivation, under color

of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the

United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional

norms."  *Livadas*, 512 U.S. at132.  To prevail in a § 1983 claim, a plaintiff must show (1) he has

been deprived of a right secured by the Constitution and the laws of the United States; and (2) the

deprivation occurred under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155

(1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Plaintiff alleges that Defendant violated her rights to due process under the Fifth Amendment

"by closing her accounts on the assumption that she was committing a criminal act" without first

verifying the matter or notifying her of its actions.  (doc. 24 at 5–6.)  She has brought forward no

evidence showing Defendant acted "under color of state law" when it closed her bank accounts.

Plaintiff has therefore failed to show that she is entitled to summary judgment on this claim.[9]

## B.    <u>Title II of the CRA</u>[10]

Plaintiff moves for summary judgment on her claim that Defendant and the bank manager

---

[9]  Defendant also contends that genuine issues of material fact preclude summary judgment for Plaintiff because this claim is entirely based on Defendant's alleged failure to notify her that it would close her accounts and there are "fact questions of whether, to where, and when such notice was sent."  (doc. 31 at 6.)  Because the "color of law" issue is dispositive, it is not necessary to reach this argument.

[10]  Plaintiff claims Defendant denied her the "use and enjoyment of public accommodations" but expressly asserts a claim under Title VII of the CRA.  (doc. 24 at 6, 9; doc. 27 at 9.)  Title VII prohibits discrimination against "any individual with respect to his compensation, terms, conditions, or privileges of *employment*, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C.A. § 2000e–2 (West 1981) (emphasis added).  Because Plaintiff is clearly not an employee of Defendant, her claim is liberally construed as arising under the "Public Accommodations" section of Title II, 42 U.S.C. 2000a, rather than Title VII.

denied "her the same parity in the use and enjoyment of public accommodations, its facility, and the protection of privacy" that it offered to other customers on the basis of her race by prohibiting her from opening a business account.  (*See* docs. 27 at 9; 24 at 6.)  Defendant responds that summary judgment is improper because Plaintiff's allegation that Defendant discriminated against her by prohibiting her from opening a business account is "belied by Plaintiff's admission that she was actually able to open a business account at the Bank."  (doc. 31 at 8.)

Title II provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, ... without discrimination or segregation on the ground of race, color, religion, or national origin."  42 U.S.C.A. § 2000a; *Fahim*, 551 F.3d at 340.  Places of "public accommodation" include hotels and other businesses providing "lodging to transient guests," restaurants and other facilities "principally engaged in selling food for consumption on the premises," "place[s] of exhibition or entertainment," and businesses that are located within the premises of a covered establishment.   42 U.S.C.A. § 2000a(b)(1)–(4).   Because a bank is not a place of public accommodation, *see* § 2000a(b), Plaintiff cannot recover against Defendant and its bank manager under § 2000a as matter of law.  *See Wilson v. Harding*, No. CIV. A. 98-2092-KHV, 1999 WL 203458, at *2 (D. Kan. Apr. 5, 1999) ("Defendants, a bank and two of its employees, clearly are not covered by this statutory provision.") (citing to 42 U.S.C. § 2000a(b)).[11]

## C.   Criminal Statutes

Plaintiff also moves for summary judgment on her claims under 18 U.S.C. §§ 493, 494, 656,

---

[11] Plaintiff has also failed to meet her burden to point to evidence in the record supporting her claim that Defendant discriminated against her on the basis of race.  Her own evidence shows that she opened a business checking account at the Addison branch.  (*See* doc. 24 at 9.)  The "Business Account Application and Agreement" attached to the complaint shows she opened the account on May 15, 2010.  (*See id.* at 28–31.)  The teller's receipt attached to her motion shows she deposited a $1,500 check in the account.  (*See* doc. 27 at 31.)

1005, and 1006.  (doc. 27 at 3–4.)  Defendant argues that Plaintiff's claims fail as a matter of law

because these criminal statutes do not provide a private right of action.  (doc. 31 at 3–4.)

### 1.  *Fraud and Deceit*

Plaintiff alleges in the complaint that Defendant's bank manager "informed" the APD that

she "submitted fraudulent information" and deposited "a bad check" with the intent to deceive

defraud Defendant.  (doc. 24 at 3.)  She claims the manager's conduct constituted "fraud and deceit"

in violation of in violation of 18 U.S.C. §§ 493, 1005, and 1006.  (*Id.*)  She also claims Defendant's

"intent to injure or defraud" her is established under 18 U.S.C. § 656.  (*Id.*)[12]

As discussed, federal courts have concluded that 18 U.S.C. §§ 493, 656, 1005, and 1006 do

not create a private right of action.  *See Fed. Nat. Mortgage Ass'n*, 2013 WL 1759521, at *5 n.1;

*Riddle*, 2010 WL 3475339, at *3; *Connell*, 2007 WL 1877677, at *2; *Patton*, 2012 WL 1858983,

at *2.  Because Plaintiff has no cause of action under these statutes, she  is not entitled to summary

judgment on these claims as a matter of law.

Pursuant to §503 of the FRA, a private person may recover actual damages against a director

or officer of a Federal Reserve member bank who "knowingly violate[s] or permit[s] any of the

agents, officers, or directors of any member bank to violate," *inter alia*, 18 U.S.C. § 1005.  *See* 12

U.S.C.A. § 503 (West 1982).  Plaintiff's complaint may therefore be liberally construed as seeking

recovery for this claim under 12 U.S.C. § 503 of the Federal Reserve Act (FRA).  (*See id.*)  Even

assuming she seeks summary judgment on this claim, she has not proffered any competent summary

judgment evidence to support her allegations the bank manager made the statements in question, and

---

[12]  Under § 493, any person who falsifies, forges, or counterfeits a note or bond issued by the Reconstruction Finance Corporation or another specified government agency is subject to fines and imprisonment. *See* 18 U.S.C. § 493.  Section 1005 prohibits the making of false entries in the books, reports, or statements of a national bank with intent to defraud the bank, another company, a politic or corporate entity, or an individual person. *Id.* § 1005.  Section 1006 prohibits the making of false statements in the records of certain lending institutions. *Id.* § 1006.  Lastly, § 656 relates to theft, embezzlement, and misapplication of funds by bank officers and employees. *Id.* § 656.

that these statements were false.  The copy of the police report attached to the complaint shows that

the bank manager told the APD that Defendant "refused to do business with [Plaintiff]", and Plaintiff

does not allege this statement was false.  (doc. 24 at 23.)[13]  Plaintiff's failure to adduce evidence in

support of her claim is sufficient grounds to deny summary judgment on this claim, if any.  *See*

*Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir.1996) (holding that

"conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" a

summary judgment burden).[14]

### 2.    *Unauthorized Transaction and Unauthorized Signature[15]*

Plaintiff asserts that Defendant and its bank manager closed her accounts without her

permission, and that these actions amounted to an "unauthorized transaction" and "an unauthorized

signature" in contravention of 18 U.S.C. §§ 493, 1005, 1006.  (doc. 24 at 3.)  As discussed above,

Plaintiff has no private cause of action under these criminal statutes.  In addition, she could not

recover under 12 U.S.C. § 503 because she does not assert a successful § 1005 claim against an

officer or director of Defendant.  Her motion should therefore also be denied on these two claims.

### 3.    *Forgery*

Plaintiff alleges that in closing her accounts, Defendant signed documents on her behalf and

engaged in "forgery" in violation of 18 U.S.C. § 494.  (doc. 24 at 4.)

---

[13]    Even if the bank manager had made those statements, they would not fall within the purview of § 1005 because they would not be a "false entry" made "in any book, report, or statement of [a] bank."  *See* 18 U.S.C. § 1005.

[14]    Plaintiff has not asserted a claim against any of Defendant's officers or directors.  (*See* doc. 24 at 3.) For this additional reason she has failed to carry her burden to show she can recover against Defendant and its bank manager under 18 U.S.C. § 1005 and 12 U.S.C. § 503.  For the same reason, she cannot recover under § 93 of the National Bank Act (NBA), which she also cites in support of this claim.  (*See id.*); *see also* 12 U.S.C.A. § 93 ("If the directors of any national banking association shall knowingly violate ... any of the provisions of this chapter ... every director who participated in or assented to the same shall be held liable in his personal and individual capacity for all damages which the association, its shareholders, or any other person, shall have sustained in consequence of such violation.").

[15]    Although Plaintiff lists these claims separately, they are addressed together because they involve the same analysis.

Section 494 makes it a crime to falsely make, alter, forge, or counterfeit bonds and other instruments for the purpose of defrauding *the United States*. *See* 18 U.S.C.A. § 494. Plaintiff has not met her burden to show that this criminal statute provides a private right of action. Ultimately, because she alleges that Defendant intended to defraud *her*, any claim under § 494 fails as a matter of law. Summary judgment should therefore be denied on this claim.

**D.      Right to Financial Privacy Act**

Plaintiff moves for summary judgment on her claim under the RFPA. (doc. 27 at 5.) Defendant opposes her motion on grounds that "Plaintiff fails to specify any facts that would demonstrate that [Defendant] did not fulfill any obligations" under the Act. (doc. 31 at 5.)

The RFPA provides that "[a] financial institution shall not release the financial records of a customer" to a Government authority "until the Government authority seeking such records certifies in writing to the financial institution that it has complied with the applicable provisions of this chapter." 12 U.S.C.A. § 3403(b).

Here, Plaintiff essentially alleges that Defendant had an "affirmative duty" under the RFPA to safeguard her financial information and that it breached this duty, but she entirely fails to explain *how* or *why*. (*See* doc. 24 at 5.) Although she will bear the burden of proof at trial, Plaintiff proffers no competent summary judgment evidence to show that Defendant released any financial information to a governmental authority. As noted, the copy of the police report shows the bank manager told the APD that Defendant refused to do business with her and would mail her a certified check. (*See id.* at 23.) Because Plaintiff has failed to show she is entitled to judgment as a matter

of law on her RFPA claim,[16] summary judgment should be denied.[17]

**E.**     **Gramm-Leach-Bailey Act**

Plaintiff requests summary judgment on her claim under the GLBA.  (doc. 27 at 6.)
Defendant objects on grounds that the Act provides no private right of action, and Plaintiff has not
shown that it violated the Act.  (doc. 31 at 6.)

Under the GLBA, financial institutions have "an affirmative and continuing obligation to
respect the privacy of [their] customers and to protect the security and confidentiality of those
customers' nonpublic personal information."  15 U.S.C.A. § 6801(a) (West 2004).  The Act
"requires that financial institutions establish privacy policies and ensure costumers are aware of the
privacy policies in place." *Downs v. Regions Bank*, No. CIV.A 208CV758-MHT, 2010 WL 381116,
at *5 (M.D. Ala. Jan. 25, 2010).  Courts have held that the Act does not provide a private right of
action.  *Borinski*, 2004 WL 433746, at *3; *see also Downs*, 2010 WL 381116, at *5.  As discussed,
Plaintiff has failed to proffer any evidence showing Defendant disclosed, or otherwise failed to
protect her financial information.  Ultimately, because Plaintiff cannot sue Defendant under the
GLBA, she should be denied summary judgment on this claim.

## V.  STATE LAW CLAIMS

**A.**     **Breach of Duty of Good Faith**

Plaintiff moves for summary judgment on her claim for breach of duty of good faith.  (doc.
27 at 4.)  Defendant contends she is not entitled to summary judgment because Texas does not

---

[16]   While Plaintiff lists two different claims under the RFPA, the legal citations and allegations for the claims are
identical.  (*See* docs. 24 at 5; 27 at 5.)  They are therefore treated as a single claim.

[17]   Defendant also contends that Plaintiff's claim "fails as a matter of law" because the RFPA does not create a private
cause of action.  (doc. 31 at 5.)  Customers whose financial information is improperly disclosed may recover damages,
costs, and attorney's fees against a party that violates the Act.  *See* 12 U.S.C.A. § 3417(a) ;*Tucker*, 83 F.3d at 692.

recognize "a generalized duty of good faith on the part of a depositary bank", and genuine issues of material fact exist as to whether it failed to notify Plaintiff that it would close her accounts.  (doc. 31 at 4–5.)

In Texas, the duty of good faith and fair dealing generally applies in limited circumstances involving a "special relationship" between the parties, such as between insurers and insureds, principal and agent, joint venturers, and partners.  *See Hall v. Resolution Trust Corp.*, 958 F.2d 75, 79 (5th Cir. 1992) (citations omitted); *see also City of Midland v. O'Bryant*, 18 S.W.3d 209, 215 (Tex. 2000) ("We have specifically rejected the implication of a general duty of good faith and fair dealing in all contracts.") (internal quotations omitted).  The Texas UCC provides that "[e]very contract or duty within this title imposes an obligation of good faith in its performance and enforcement." Tex. Bus. & Com. Code Ann. § 1.304 (West 2009).  "Texas courts have consistently held [that] [t]his section does not support an independent cause of action for failure to perform or enforce in good faith."  *Specialties of Mexico Inc. v. Masterfoods USA*, No. CIV.A. L-09-88, 2010 WL 2488031, at * (S.D. Tex. June 14, 2010) (citing § 1.304 cmt. 1 and *N. Nat. Gas Co. v. Conoco, Inc.*, 986 S.W.2d 603, 606–07 (Tex. 1998)) (internal quotations omitted).  "Without an underlying contract to which the duty of good faith can attach, this claim cannot stand on its own."  *Id.*

Here, Plaintiff asserts that the business account agreement was a valid contract between her and Defendant.  (*See* doc. 24 at 8–9.)  She essentially claims Defendant had a "general obligation" "to use good faith" in handling her bank accounts and breached this duty by closing the accounts without sending her notice.  (*Id.* at 4.)  Plaintiff alleges that Defendant's bank manager told her the bank mailed her a notice to "her last known address."  (*See* docs. 24 at 1; 27 at 2.)  She has not identified any evidence to show that it did not.  Even assuming the business account agreement was

17

a contract subject to the duty of good faith, Plaintiff fails to meet her burden of showing no genuine issue of material fact exists regarding her claim that Defendant failed to send her notice and thereby breached the duty of good faith.   Summary judgment should therefore be denied on this claim.

**B.**   **Breach of Ordinary Care**

Plaintiff moves for summary judgment on her claim for breach of ordinary care.  (doc. 27 at 7.)  Defendant opposes the motion, arguing that "Plaintiff does not plead facts showing a breach of any legal duty [Defendant] owed to Plaintiff", and a genuine issue of material fact exists regarding her claim that Defendant failed to send her notice.  (doc. 31 at 6.)

Section 4.201 of the Texas UCC provides that absent contrary intent, a collecting bank is "an agent or subagent of the owner of the item" sought to be collected.  *See*  Tex. Bus. & Comm. Code Ann. § 4.201 (West 2002).  Section 4.202 requires a collecting bank to "exercise ordinary care[18] in presenting an item or sending it for presentment" and "sending notice of dishonor or nonpayment ...."  *Id.* § 4.202; *Childs v. Fed. Reserve Bank*, 719 F.2d 812, 814 (5th Cir. 1983).

Liberally construed, the complaint asserts that Defendant was a depository bank because it accepted the $1,500 check "for processing [and] collection."  (doc. 24 at 6.)  It appears to assert that Defendant breached its duty to exercise reasonable care by failing to notify Plaintiff of its purported investigation relating to the check and of its closure of her accounts.  (*See id.*)  While it remains unclear whether the UCC even applies here, even if Defendant had an obligation to exercise reasonable care in handling Plaintiff's accounts, she has not identified any evidence in the record

---

[18] "Ordinary care" is defined by the UCC as:

[I]n the case of a person engaged in business means observance of reasonable commercial standards, prevailing in the area in which the person is located, with respect to the business in which the person is engaged. In the case of a bank that takes an instrument for processing for collection or payment by automated means, reasonable commercial standards do not require the bank to examine the instrument if the failure to examine does not violate the bank's prescribed procedures and the bank's procedures do not vary unreasonably from general banking usage not disapproved by this chapter or Chapter 4.

Tex. Bus. & Com. Code Ann. § 3.103(9) (West 2007).

establishing that Defendant failed to send her notice.[19]   Summary judgment should also be denied on this claim.

## C.   <u>Negligence</u>

Plaintiff also seeks summary judgment on her negligence claim. (doc. 27 at 7–8.) Defendant contends summary judgment is not merited because triable fact issues remain with respect to Plaintiff's notice allegations and because the pleadings do not "state the nature of the alleged duty owed to Plaintiff, nor the type of breach" by part of Defendant. (doc. 31 at 7.)

The elements of a negligence cause of action in Texas are: (1) the existence of a legal duty; (2) a breach of that duty; and (3) damages proximately caused by that breach. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540–41 (5th Cir. 2005) (citing *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)). A legal duty is a general obligation imposed by law "apart from and independent of promises made and ... the manifested intentions of the parties, to avoid injury to others." *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 496 (Tex. 1991). To establish a legal duty between parties to a contract, the "plaintiff must show there is a special relationship between [them]." *Carrington v. Bank of Am., N.A.*, No. CIV.A. H-12-1542, 2013 WL 265946, at *7 (S.D. Tex. Jan. 17, 2013) (citation omitted).

Here, Plaintiff appears to assert that Defendant was negligent in failing to send her notice of its closure of her accounts. (*See* doc. 24 at 7–8.) While she alleges that the business account agreement was a contract (doc. 24 at 8), she asserts no facts and proffers no evidence showing that there was a "special relationship" between her and Defendant, or Defendant otherwise owed her a legal duty. *See Carrington*, 2013 WL 265946, at *7. Notably, as with her other claims, her

---

[19]   Plaintiff also fails to cite legal authority for the proposition that "reasonable commercial standards" required Defendant to notify her of its actions regarding her accounts. *See* Tex. Bus. & Com. Code Ann. § 3.103(9).

negligence claim is entirely premised on Defendant's purported failure to notify her of its investigation regarding the $1,500 check and its closure of her accounts. (*See* doc. 24 at 6–8.) Aside from her allegations, Plaintiff brings forth no evidence supporting a negligence cause of action. Her own allegations raise an issue of material fact regarding her claim that Defendant did not provide her with notice. She is therefore not entitled to summary judgment on her negligence claim.[20]

### D.    <u>Defamation and Slander</u>

Plaintiff also moves for summary judgment on her "defamation and slander" claim. (doc. 27 at 8.) Defendant argues that this claim "fails as a matter of law" because Plaintiff has "failed to show that [Defendant's] statements, if any, were untrue or defamatory." (doc. 31 at 7.)

"Defamation is a false statement about a person, published to a third party, without legal excuse, which damages the person's reputation." *Fiber Sys. Int'l, Inc. v. Roehrs*, 470 F.3d 1150, 1161 (5th Cir. 2006) (citing *Moore v. Waldrop*, 166 S.W.3d 380, 384 (Tex. App.—Waco 2005, no pet.)). "Defamatory statements are 'published' if they are communicated to a third party capable of understanding their defamatory connotation and in such a way that the third party did so understand." *Crouch v. J.C. Penney Corp., Inc.*, 564 F. Supp. 2d 642, 646 (E.D. Tex. 2008), *aff'd*, 337 F. App'x 399 (5th Cir. 2009). Slander is oral defamation. *See Fields v. Keith*, 174 F. Supp. 2d 464, 473 (N.D. Tex. 2001), *aff'd*, 273 F.3d 1099 (5th Cir. 2001) (citations omitted).

According to the complaint, Defendant and its bank manager "conducted an investigation" regarding the $1,500 check at issue. (doc. 24 at 8.) Plaintiff claims Defendant and its manager *did not* contact her "*nor* ... authorities" regarding this matter, but instead "took [it] upon themselves to

---

[20]  Plaintiff also lists and seeks summary judgment on a stand-alone claim for "failure to send proper notice" but cites no legal authority in support. (*See* docs. 24 at 6; 27 at 6.) The allegation that Defendant did not notify her of its actions with respect to her accounts is properly addressed in the context of her substantive claims.

close both accounts."  (*Id.*)  These allegations contradict the claim that Defendant or the bank manager communicated any statements to third parties.  Moreover, the police report shows the manager told the APD that Defendant "refused to do business with [Plaintiff]."  (*Id.* at 23.)  Plaintiff does not dispute the truth of this statement, and all of her claims are premised on her allegation that Defendant closed her accounts and effectively stopped doing business with her.  In addition, she identifies no evidence in the record showing her reputation was damaged as a result of Defendant's or its bank manager's conduct.  Because Plaintiff has failed to proffer competent summary judgment evidence to support all of the elements of her defamation and slander claim, summary judgment on this claim should be denied.

## E.    **Breach of Contract**

Plaintiff also moves for summary judgment on her breach of contract claim.  (doc. 27 at 9.) Defendant objects on grounds that a genuine issue of material fact exists regarding Plaintiff's claim that Defendant failed to send her notice.

The essential elements of a breach of contract claim in Texas are:  "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."  *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 759 (N.D. Tex. 2012) (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009)).

Here, Plaintiff asserts that the business account agreement was a valid contract between her and Defendant.  (doc. 24 at 8.)  Liberally construed, the complaint asserts that Defendant breached this contract by failing to notify her that the $1,500 check was returned for insufficient funds and that Defendant would close her accounts.  (*See id.* at 8–9.)  Plaintiff fails to bring forward evidence

showing Defendant breached the alleged contract, since her own assertions raise a genuine fact issue regarding her claim that Defendant did not send her notice.  She also fails to allege and bring forth any facts showing she was damaged.  Accordingly, she is not entitled to summary judgment on her breach of contract claim.

## VI.  RECOMMENDATION

Defendant's motion to dismiss under Rule 12(b)(1) should be **DENIED** and Plaintiff's motions for summary judgment should also be **DENIED.**

**SO RECOMMENDED** on this 20th day of August, 2013.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE