**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SHERRI R. LOWE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:12-CV-1725-G-BH** |
| | ) | |
| **VIEWPOINT BANK,** | ) | |
| | ) | |
| **Defendant.** | ) | **Referred to U.S. Magistrate Judge** |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for pretrial management. Before the Court are *Plaintiff's Motion for Leave to File Third Amended Complaint*, filed September 27, 2013 (doc. 59), *Defendant ViewPoint Bank's Motion to Dismiss for Failure to State a Claim, or, in the Alternative, for Summary Judgment*,[1] filed December 8, 2013 (doc. 63), and *Plaintiff Sherri R. Lowe [sic] Motion for Summary Judgment for All Claims Against Defendant ViewPoint Bank*, filed January 3, 2014 (doc. 68). Based on the relevant filings, evidence, and applicable law, the motion for leave to file a third amended complaint is **DENIED**. Defendant's motion to dismiss under Rule 12(b)(6) should be **GRANTED**, and its motion for summary judgment should be **GRANTED in part** and **DENIED in part**. Plaintiff's motion for summary judgment should be **DENIED**.

## I.  BACKGROUND

Sherri R. Lowe (Plaintiff) is the owner of a consulting business called "Lowe's Consulting Services, Inc." (LCS). (Doc. 38 at 1–2.) On May 15, 2010, she opened a checking account with

---

[1]Although the title of the motion states that Defendant seeks summary judgment in the alternative, it actually moves for summary judgment on Plaintiff's claims under 42 U.S.C. § 1983, the Federal Reserve Act (FRA), 12 U.S.C. § 503, the RFPA, and state law claims. (*See* doc. 64 at 2-3.)

ViewPoint Bank (Defendant) on behalf of LCS and deposited a $1,500 check from one of its clients. (*Id.* at 8, 28–31.)  Defendant subsequently closed both her business and personal checking accounts due to alleged fraudulent activity.  (*Id.* at 1.)  One of Defendant's managers explained to Plaintiff that upon investigation, her business was found to not be located at the address she had provided, and that the check she had deposited was fraudulent.  (*Id.*)  Plaintiff later filed a report with the Addison Police Department.  (*Id.* at 22.)  She told the investigating officer that she "was missing $112" as a result of Defendant's actions.  (*Id.*)  When the officer inquired with the bank, the bank manager responded that Defendant "refused to do business" with Plaintiff and would mail her a certified check "as per Bank procedure."  (*Id.*)

On June 4, 2012, Plaintiff filed this *pro se* action against Defendant.  (*See* doc. 3 at 1.)[2]  In her second amended complaint, she asserts federal claims for violations of her Fifth Amendment due process rights under 42 U.S.C. § 1983, several federal criminal statutes, the Right to Financial Privacy Act (RFPA), and the Gramm-Leach-Bailey Act (GLBA), and for invidious discrimination under Title II of the Civil Rights Act (CRA) of 1964.  (*See* doc. 38 at 2–8.)  She also asserts state law claims for breach of the duty of good faith, breach of "ordinary care" under the Texas Uniform Commercial Code (UCC), negligence, defamation, slander, and breach of contract.  (*See id.*)

On September 27, 2013, Plaintiff moved for leave to file a third amended complaint.  (Doc. 59.)  On December 9, 2013, Defendant moved to dismiss some of her claims for failure to state a claim and for summary judgment on the remaining claims.  (Doc. 63.)  On January 3, 2014, Plaintiff

---

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

filed a cross-motion for summary judgment.[3]   (*See* doc. 68).   The motions are now ripe for recommendation.

## II.  MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Plaintiff seeks leave of court to file her third amended complaint.  (Doc. 59.)  Defendant opposes because the changes Plaintiff seek would be meaningless based on the denial of her earlier motion for summary judgment.  (Doc. 61 at 2.)[4]

Rule 15(a) of the Federal Rules of Civil Procedure evinces a bias in favor of amendment and requires that leave be granted "freely." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982).  A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).  Leave to amend should not be denied unless there is a *substantial reason* to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998) (emphasis added) (internal quotation marks omitted).  There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).  Allowing a plaintiff's leave to amend would be futile if such amended complaint "could not survive a Fed. R. Civ. P. 12(b)(6) motion[.]" *Briggs v. Miss.*, 331 F.2d 499,

---

[3]Local Rule 56.3 limits parties to one motion for summary judgment unless otherwise directed by court. N.D. Tex. Local R. 56.3.  Plaintiff has not sought leave to file thiis third motion for summary judgment.  (*See* docs. 27-28, 42).

[4]In her reply, Plaintiff argues that Defendant was 10 days late in filing its response to the motion.  (Doc. 62 at 1.)  The response was late, but even if it is not considered, the result would be the same because of the denial of her earlier motion for summary judgment.

508 (5th Cir. 2003); *see Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 469 (5th Cir. 2010) (affirming the district court's denial of leave to amend because the plaintiff's failed to state a claim for fraud).  In such situations, courts have discretion to deny the plaintiff leave to amend.  *See Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 208 (5th Cir. 2009) ("While there is a strong presumption in favor of granting leave to amend, a district court may refuse leave to amend if the complaint as amended would be subject to dismissal.")

Plaintiff's proposed third amended complaint makes the following changes to the second amended complaint: (1) under jurisdiction and venue, she changes 12 U.S.C. § 3416 to § 3417 and adds 42 U.S.C. § 2000a *et seq* and 18 U.S.C. §§ 493, 1006, (doc. 59-1 at 2); and (2) under invidious discrimination claim, she changes 42 U.S.C. § 2000e *et seq* to § 2000a *et seq*, (*id.* at 8).  Plaintiff previously cited 12 U.S.C. § 3401 *et seq* to cover all relevant statutes under the Financial Privacy Act, making the change from 12 U.S.C. § 3416 to § 3417 unnecessary.  The Court has already found that §§ 493, 1005, and 1006 do not create a private right of action.  (Doc. 56 at 5-6.)  It also liberally construed Plaintiff's invidious discrimination claim as involving the "Public Accommodation" section of Title II, 42 U.S.C. § 2000a, and it concluded that Plaintiff could not recover against Defendant that section as a matter of law because a bank was not a place of public accommodation. (*Id.* at 11-12 n. 10.)  Because it has already been determined that Plaintiff fails to state a claim, amendment of those claims would be futile, and her proposed third amended complaint will "not survive a Fed. R. Civ. P. 12(b)(6) motion[.]"[5]  *Briggs*, 331 F.2d at 508; *see Ackerson*, 589 F.3d at 208.  Plaintiff's motion for leave to file a third amended complaint is therefore **DENIED**.

---

[5]Plaintiff also adds her affidavit as part of the exhibits attached to the proposed third amended complaint.  (*See* doc. 59-1 at 11.)  She subsequently filed the same affidavit with her motion for summary judgment.  (*See* doc. 68 at 18.)  Denying leave to amend therefore will not impact consideration of the new evidence.

### III. PLAINTIFF'S OBJECTIONS

In response to Defendant's motions to dismiss and for summary judgment, Plaintiff asserts that Defendant failed to "state the relief sought and grounds for the relief with 'particularity.'" (Doc. 67 at 1-2, ##1, 2, 7.)  She also objects to its exhibits because the declaration of its branch manager was not sworn, and not all exhibits were attached to its motion.  (*Id.* at 2, ##4, 5.)

**A.     Federal Rules of Civil Procedure 7(b)(1) (Particularity**)

Plaintiff argues that Defendant failed to meet the Fed. R. Civ. P. 7(b)(1)'s requirements.  (*Id.* at 1-2, ##1, 2, 7.)[6]  It requires that parties filing a motion must "state with particularity the grounds for seeking the order[,] and . . . state the relief sought."  Fed. R. Civ. P. 7(b)(1)(B)-(C).  Here, Defendant's motion lacks detailed arguments because its arguments are contained in its brief as required by the local rule.  *See* N.D. Tex. Local R. § 7.1(d), (h).  The brief lays out what relief it seeks, i.e., dismissal or summary judgment, and cites case law.  (*See generally* doc. 64.)  Plaintiff's Rule 7(b) objection is **OVERRULED**.

**B.     Unsworn Statement**

Plaintiff objects to Brannon Spinden's declaration because it is not sworn.  (Doc. 67 at 2.)  An affidavit is defined as "a statement in writing of a fact or facts signed by the party making it, *sworn to before an officer authorized to administer oaths*, and officially certified to by such officer under his seal of office. "  *Blanco, Inc. v. Porras*, 897 F.2d 788, 792 (5th Cir.1990) (emphasis original); *see also Wavefront Tech. Solutions, Inc. v. Morton*, No. H–11–383, 2012 WL 2846868, at *5 (S.D.Tex. May 2, 2012), *adopted by* 2012 WL 2842269 (July 10, 2012).  Under 28 U.S.C. § 1746, all matters that are permitted to be supported, evidenced, established or proven by affidavit

---

[6]Plaintiff asserts the same argument at different parts of her response.  (Doc. 67 at 2-3, 7, 18.)

"may, with like force and effect, be supported, evidenced, established, or proved by [an] unsworn declaration" as long as the affiant subscribes to the statement under penalty of perjury. 28 U.S.C. § 1746  Attorneys and *pro se* litigants alike must strictly comply with the requirement of sworn statements, and courts should require correction of any deficiencies in supporting papers that they intend to rely on. *See Gordon v. Watson*, 622 F.2d 120, 123 (1980) (per curiam); *accord Brady v. Blue Cross and Blue Shield of Texas, Inc.*, 767 F.Supp. 131, 135 (N.D.Tex.1991). An unsworn declaration may substitute for an affiant's oath, however, if it is made "under penalty of perjury" and is "verified as true and correct." *See Nissho–Iwai American Corp.*, 845 F.2d at 1306 (citing 28 U.S.C. § 1746); *accord Washington v. Moore*, No. 92–1430, 1993 WL 117975, at *1 (5th Cir. Mar. 30, 1993).

Here, the declaration was made under penalty of perjury and is declared to be true and correct. (*See* doc. 67 at 2-3)  It is therefore competent summary judgment evidence. *See* 28 U.S.C. § 1746; *Bazemore v. Castaneda*, No. EP-10-CV-403-DB-DCG, 2011 WL 1675416, at *5 (W.D. Tex. Apr. 12, 2011).  Plaintiff's objection is **OVERRULED**.

## C.   Federal Rules of Civil Procedure 10(c)

Plaintiff asserts that Defendant failed to attach all of the exhibits upon which it relies to its motion as required by Fed. R. Civ. P. 10(c).  (Doc. 67 at 2.)  Rule 10(c) states:

> Adoption by Reference; Exhibits.  A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion.  A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

Fed. R. Civ. P. 10(c).  Rule 10(c) does not require parties to attach all exhibits to its motion; it permits parties to adopt by reference the exhibits that were attached to another pleading or motion. *See id.*  Here, Defendant relies on some of the exhibits submitted by Plaintiff with her second

amended complaint.  (*See* doc. 64 at 3.)  Rule 10(c) specifically permits this practice, so Plaintiff's objection is **OVERRULED**.

## IV.  MOTION TO DISMISS

Defendant moves to dismiss the following claims in the second amended complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim: (1) violations of 18 U.S.C. §§ 493, 656, 1005, and 1006; (2) violations of the GLBA; (3) violations of Title II pursuant to 42 U.S.C. § 2000a; and (4) violations of 18 U.S.C. § 494.  (Doc. 64 at 2.)  It argues that the Court has already found that there is no private right of action under 18 U.S.C. §§ 493, 494, 656, 1005, 1006, and the GLBA, and that a bank is not a place of public accommodation under Title II.  (*Id.*)

## A.     12(b)(6) Standard

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted.  *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert denied*, 530 U.S. 1229 (2000).  Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker*, 75 F.3d at 196.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).  Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as

true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim that has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Towmbly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

**B.    Prior Findings**

Defendant seeks dismissal of Plaintiff's claims under 18 U.S.C. §§ 493, 656, 1005, 1006, the GLBA, the Title II pursuant to 42 U.S.C. § 2000a, and 18 U.S.C. § 494, based on the Court's prior findings. (Doc. 64 at 2.) This Court has already found as a matter of law that 18 U.S.C. §§ 493,[7] 656,[8] 1005,[9] 1006,[10] as well as the GLBA "do not create a private right of action." (Doc. 56 at 5.) It also found as a matter of law that Plaintiff could not recover on her Title II claim pursuant to 42

---

[7]  Section 493 provides that any person who falsifies, forges, or counterfeits any note or bond issued by the Reconstruction Finance Corporation or other specified government agencies "shall be fined under this title or imprisoned not more than 10 years, or both."

[8]  Section 656 relates to theft, embezzlement, and misapplication of funds by bank officers or employees.

[9]  Section 1005 prohibits the making of false entries in the books, reports, or statements of a national bank with intent to defraud "such bank, company, branch, agency, or organization or any other company, body politic or corporate, or any individual person ...."

[10]  Section 1006 prohibits the making of false statements in the records of certain lending institutions.

U.S.C. § 2000a because a bank is not a place of public accommodation.[11]   (*Id.* at 12.)   As for the remaining claim under 18 U.S.C. § 494,[12] Plaintiff has failed to show there is a private right of action under this criminal statute.[13]

In response, Plaintiff argues: (1) if her factual allegations are plausible, a dismissal is inappropriate, (doc. 67 at 4-6); (2) her failure to provide specific facts on discrimination is not a ground for dismissal, (*id.* at 4); and (3) Fed. R. Civ. P. 8 requires her to provide only "a short and plain statement of the claim[,]"[14] (*id.*).   All of Plaintiff's arguments are based on the sufficiency of her *factual* allegations.   She does not address the fact that all of these statutes do not provide Plaintiff with a right of action or recovery as a matter of *law*.   (Doc. 56 at 5, 12, 14-15); *see Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S. 804 at 817 (1986); *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) ("[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." (internal quotation marks omitted)).   Because the statutes do not give her a right to bring a private suit, any factual insufficiency may not be cured.   *See id.*

Plaintiff also argues that Defendant has the burden of proof to show that it is exempt under

---

[11] Title II "prohibits discrimination in public accommodations." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 340 (5th Cir. 2008). This statute provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, ... without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C.A. § 2000a; *Heart of Atlanta Motel, Inc., v. United States*, 379 U.S. 241, 247–49 (1964).

[12] Section 494 criminalizes falsely making, altering, forging, or counterfeiting bonds and other instruments for the purpose of defrauding *the United States*. *See* 18 U.S.C.A. § 494.

[13] In order for a criminal statute to give rise to a private right of action, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975). The party seeking to imply a private right of action from a criminal statute has the burden of proof that Congress intended to create such a right. *Suter v. Artist M.*, 503 U.S. 347, 363 (1992).

[14] Plaintiff makes the same argument under her objections section. (Doc. 67 at 2, #6.)

§ 2000a.  (Doc. 67 at 1-2, #3.)  As noted, the Court has already found that the bank is not a public

accommodation as a matter of law.  (Doc. 56 at 12); *Agostini v. Felton*, 521 U.S. 203, 236 (1997)

(citing *Messenger v. Anderson*, 225 U.S. 436, 444 (1912)) ("[A] court should not reopen issues

decided in earlier stages of the same litigation.").  Plaintiff has failed to state a claim upon which

relief can be granted, and claims under 18 U.S.C. §§ 493, 656, 1005 and 1006, 42 U.S.C. § 2000a,

the GLBA, and 18 U.S.C. § 494 should therefore be **DISMISSED**.  Plaintiff's motion for summary

judgment on these claims should be **DENIED**.

### V. MOTIONS FOR SUMMARY JUDGMENT

Defendant moves for summary judgment on Plaintiff's claims under 42 U.S.C. § 1983, the

Federal Reserve Act (FRA), 12 U.S.C. § 503, the RFPA, and state law claims.  (Doc. 64 at 2-3.)

Plaintiff cross-moves for summary judgment on the same claims.  (Doc. 68 at 4-16.)

### A.    Summary Judgment Standard

Summary judgment is appropriate when the pleadings and evidence on file show that no

genuine issue exists as to any material fact and that the moving party is entitled to judgment as a

matter of law.  Fed. R. Civ. P. 56(a).  "[T]he substantive law [determines] which facts are material."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists

"if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*.

The movant must inform the court of the basis of its motion and identify the evidence that shows

there are no genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the movant makes this showing, the non-movant must then direct the court's attention

to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.

*Celotex*, 477 U.S. at 324.  To carry this burden, the non-movant "must do more than simply show

that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in her favor.  *Anderson*, 477 U.S. at 249.

All of the evidence must be viewed in a light most favorable to the motion's opponent. *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Nevertheless, neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).  The party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claims and must "articulate the precise manner in which that evidence supports [the] claim[s]." *Ragas v. Tenn. Gas Pipeline, Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).  Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to her case and as to which she will bear the burden of proof at trial.  *Celotex*, 477 U.S. at 322–23.

Courts generally liberally construe the pleadings of a *pro se* plaintiff.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).  There is no obligation under Rule 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment", however. *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.1998)).  Parties must "identify specific evidence in the record" supporting challenged claims and "articulate the precise manner in which that evidence supports [those] claim[s]." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

**B.     Section 1983**

Defendant moves for summary judgment on Plaintiff's § 1983 claim for violation of her due process rights under the Fifth Amendment on grounds that it was not acting under color of law when it closed Plaintiff's accounts, and that it provided her notice prior to the closure.  (Doc. 64 at 5.) Plaintiff alleges that Defendant violated her rights "by closing her accounts on the assumption that she was committing a criminal act" without first verifying the matter or notifying her of its actions. (Doc. 38 at 5.)  She contends that Defendant "acted under 'color of law' into [sic] a violation of the Fourteenth Amendment"[15] when it closed her bank accounts.  (Doc. 68 at 5, 6, 8, 9, 11, 13.)

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas*, 512 U.S. at132.  To prevail in a § 1983 claim, a plaintiff must show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

A bank is not a state actor.  *See Potts v. Crosby Ind. School Dist.*, 210 F. App'x 342, 344 (5th Cir. 2006) (stating that a bank is not a state actor); *Cooper v. City of Plano*, No. 4:10-CV-689, 2011 WL 2912808, *3 (E.D. Tex. June 21, 2011) (same).  Additionally, Defendant submitted a declaration by one of its branch managers, attesting to the fact that Plaintiff's accounts were closed "solely for the private business interests of [Defendant]."  (Doc. 65 at 4.)  The burden shifts to Plaintiff to produce evidence to support that there is a disputed material fact.

---

[15]"If fairness or due process is an issue, it is the due process standard of the fifth amendment, not the fourteenth amendment, that must be met."  *Point Landing, Inc. v. Omni Capital Intern., Ltd.*, 795 F.2d 415, 423 (5th Cir. 1986).

Plaintiff argues that Defendant acted under color of state law because the state "is responsible for discriminatory act of a private party[,]" citing *Peterson v. City of Greenville, S.C.*, 373 U.S. 244 (1963) and *Baldwin v. Morgan*, 287 F.2d 750 (5th Cir. 1961).  (Doc. 67 at 10.)  Both *Peterson* and *Baldwin* involved government entities who acted as the state's agents, however.  *Id.* Plaintiff has not submitted any evidence to show that Defendant was acting as an agent of any state.

Plaintiff seems to argue that Defendant conducted an investigation under Tex. Fin. Code § 35.202, and by conducting such investigation, it was acting under color of state law.  (Doc. 67 at 10.) Section 35.202 of the Texas Finance Code applies to an investigation conducted by the banking commissioner, not the individual banks.  *See* Tex. Fin. Code § 35.202.  Plaintiff fails to bring forward evidence that creates a genuine issue of fact that any deprivation occurred under color of state law.  *See Little*, 37 F.3d at 1075 (ruling that neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden).  Her mere conclusory assertion that Defendant acted under color of law does not meet her summary judgment burden.  (*See* doc. 68 at 5, 6, 8, 9, 11, 13); *Celotex Corp.*, 477 U.S. at 323.  Summary judgment should be granted in favor of Defendant,[16] and Plaintiff's motion for summary judgment should be denied.

## C.      The FRA (Fraud and Deceit)

Defendant seeks summary judgment on Plaintiff's fraud and deceit claim because it did not make false statements to the Addison Police Department (APD), and because Plaintiff failed to sue any of its officers or directors.  (Doc. 64 at 6-7.)  Plaintiff cross-moves for summary judgment, arguing that Defendant's branch manager signed documents to close her accounts, and Defendant approved them without first determining the truthfulness of the allegations against her.  (Doc. 68 at

---

[16]Defendant also argues that it had provided notice to Plaintiff prior to closing the accounts. (Doc. 64 at 5.)  Because the "color of law" issue is dispositive, it is not necessary to reach this argument.

4.)  She asserts that she provided sufficient facts to show that Defendant violated §§ 1005, 1006, and 493.  (*Id.*)

Section 503[17] of the FRA provides for a private right of action to recover actual damages against a director or officer of a Federal Reserve member bank who violates § 1005.  *See* 12 U.S.C. § 503.  Section 1005 criminalizes making "false entr[ies] in any book, report, or statement of [a] bank, . . . with intent to injure or defraud such bank[.]"  18 U.S.C. § 1005.  Defendant cites to the police report attached to the second amended complaint, which states that the bank manager simply told the APD that Defendant "refused to do business with [Plaintiff.]"  (Doc. 64 at 7.)  Defendant's statement does not constitute a "false entry" made "in any book, report, or statement of [a] bank." 18 U.S.C. § 1005.  Defendant has met its summary judgment burden.

The burden shifts to Plaintiff to provide evidence that there are material facts in dispute.  She submits an affidavit stating that Defendant told the APD detective that it had closed her accounts because she gave "bad information and a bad check[.]"  (Doc. 68 at 41.)  She does not point to evidence in the record showing that the information shared with the APD is false.  She submitted a monthly lease signed in March 2010, that was not signed by the landlord, and she proffers no evidence regarding the alleged fraudulent check.  (*See* doc. 67 at 22-25.)  Additionally, the information does not constitute a "false entry" made "in any book, report or statement of [a] bank." 18 U.S.C. § 1005.  Plaintiff's cross-motion for summary judgment simply asserts that she provided sufficient facts to show that Defendant violated §§ 1005, 1006, and 493; this is insufficient to meet her summary judgment burden.  (Doc. 68 at 4); *see Celotex Corp.*, 477 U.S. at 323.

Plaintiff also cites to § 93 of the National Bank Act (NBA) and 12 U.S.C. § 161 to support

---

[17]Because the statutes she cites, i.e. 18 U.S.C. §§ 493, 656, 1005, and 1006, do not provide a private right of action, her claim is liberally construed as arising under 12 U.S.C. § 503.  (*See* doc. 56 at 13.)

14

her fraud and deceit claim.  (Doc. 38 at 3.)  Defendant argues that 12 U.S.C. § 161 is inapplicable here because it relates to Comptroller of the Currency.  (Doc. 64 at 7.)  Section 161 is titled "Reports to Comptroller of the Currency" and describes the type of reports banking associations are required to make to the Comptroller of the Currency.  *See* 12 U.S.C. § 161.  Plaintiff does not respond to this argument.  Further, this Court has already found that Plaintiff cannot recover under 12 U.S.C. § 93 because she failed to assert any claims against Defendant's officers or directors.  (Doc. 56 at 14 n. 14); 12 U.S.C.A. § 93 ("If the directors of any national banking association shall knowingly violate . . . any of the provisions of this chapter . . . every director who participated in or assented to the same shall be held liable in his personal and individual capacity for all damages which the association, its shareholders, or any other person, shall have sustained in consequence of such violation.").  Plaintiff's conclusory assertion that Defendant's branch manager was not an indispensable party, (doc. 67 at 4), does not satisfy her summary judgment burden.  *Little*, 37 F.3d at 1075; *Topalian*, 954 F.2d at 1131.  Defendant should be granted summary judgment on Plaintiff's fraud and deceit claim, Plaintiff's motion for summary judgment should be denied.

## D.  The RFPA[18]

Defendant seeks summary judgment on Plaintiff's claim that Defendant breached its duty to safeguard her financial information under the RFPA because it did not release any of her financial records.  (Doc. 64 at 8.)  Plaintiff cross-moves for summary judgment, asserting that Defendant acted under "color of law."  (Doc. 68 at 6.)

The RFPA provides that "[a] financial institution shall not release the financial records of a customer" to a Government authority "until the Government authority seeking such records

---

[18]   While Plaintiff lists two different claims under the RFPA, the legal citations and allegations for the claims are identical.  (*See* doc. 38 at 4-5.)  They are therefore treated as a single claim.

certifies in writing to the financial institution that it has complied with the applicable provisions of this chapter." 12 U.S.C.A. § 3403(b). Defendant met its summary judgment burden by producing a declaration attesting that no financial records of Plaintiff were released to any governmental authority. (Doc. 65 at 5.) The burden shifts to Plaintiff to submit evidence showing the existence of genuine issue of material fact. She does not provide any evidence that Defendant disclosed her financial records to any party. Her assertion that Defendant acted under color of law is insufficient to meet her summary judgment burden. (Doc. 68 at 6.) Defendant should be granted summary judgment on the RFPA claim, and Plaintiff's cross-motion should be denied.

## E.      State Law Claims

Defendant moves for summary judgment on the following state claims: (1) breach of duty of good faith (doc. 34 at 8); (2) defamation and slander (*id.* at 9-10); (3) breach of ordinary care (*id.* at 8-9); (4) negligence (*id.* at 9); and (5) breach of contract (*id.* at 10). Plaintiff cross-moves for summary judgment on the same claims. (Doc. 68 at 5-6, 7-8, 11-15.)

### *1.      Supplemental Jurisdiction*

Pursuant to § 1367(a), federal courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In essence, § 1367(a) grants courts the "power to hear a state law claim under pendent or supplemental jurisdiction if (1) the federal issues are substantial, even if subsequently decided adverse to the party claiming it; and (2) the state and federal claims derive from a common nucleus of operative fact." *McKee v. Texas Star Salon, LLC*, No. CIV.A.3:06-CV-879BH, 2007 WL 2381246, at *4 (N.D. Tex. Aug. 21, 2007) (citations omitted); *see also United Mine Workers v.*

16

*Gibbs*, 383 U.S. 715, 725 (1966).

When all federal claims are dismissed prior to trial, the general rule in this Circuit is for the district court to decline exercising jurisdiction over the remaining state law claims. *LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986); *see also* 28 U.S.C. § 1367(c)(3); *Nagy v. George*, No. 3:07-CV-368-K, 2007 WL 2122175, at *10 (N.D. Tex. July 23, 2007), aff'd 286 F. App'x 135 (5th Cir. 2008). Under § 1367(c), a court may decline to exercise supplemental jurisdiction over a state claim if:

> (1) the claim raises a novel or complex issue of state law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Nonetheless, this rule is "neither mandatory nor absolute." *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (citation omitted). Rather, district courts are given wide discretion in deciding whether to exercise jurisdiction under such circumstances. *See Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); *see also United Mine Workers*, 383 U.S. at 726 ("[P]endent jurisdiction is a doctrine of discretion, not of [a] plaintiff's right."). In determining whether to exercise supplemental jurisdiction, courts should consider issues of judicial economy, convenience, and fairness to the litigants. *LaPorte Constr. Co.*, 805 F.2d at 1257; *Nagy*, 2007 WL 2122175, at *10.

Here, all three factors weigh in favor of retaining jurisdiction over Plaintiff's state law claims. First, Plaintiff's state claims arise from the same "common nucleus of operative facts" as their federal claims, namely, Defendant's alleged conduct in closing Plaintiff's bank accounts.

17

Requiring Plaintiff to litigate these claims in state court would "necessarily require consideration by two distinct courts of the same operative facts" and the "same legal issues." *See McKee*, 2007 WL 2381246, at *4. In addition, because the action has been pending in this Court for over two years, the Court has spent a substantial amount of time and resources reviewing the pleadings and researching the legal issues involved, and has become familiar with the merits of the claims. *See McCall v. Peters*, No. CIV.A. 3:00-CV-2247-D, 2003 WL 21488211, at *12 (N.D. Tex. May 12, 2003), aff'd, 108 F. App'x 862 (5th Cir. 2004) (in determining whether to exercise pendent or supplemental jurisdiction, the court may consider factors such as the amount of time and resources that it has spent adjudicating the case). Notably, the Court exercised supplemental jurisdiction over Plaintiffs' state law claims when considering her first motion for summary judgment. (*See* doc. 56.) The Court should therefore exercise supplemental jurisdiction over Plaintiffs' state claims against Defendant and review the claims on the merits.

### 2.   *Breach of Duty of Good Faith*

Defendant seeks summary judgment on Plaintiff's claim that it breached the duty of good faith because Plaintiff and Defendant did not have the type of special relationship required to give rise to such duty. (Doc. 64 at 8.) It also contends that it sent Plaintiff notice prior to closing her accounts, meeting the general duty of good faith. (*Id.*) Plaintiff cross-moves for summary judgment. (Doc. 68 at 5-6.)

In Texas, the duty of good faith and fair dealing generally applies in limited circumstances involving a "special relationship" between the parties, such as between insurers and insureds, principal and agent, joint venturers, and partners. *See Hall v. Resolution Trust Corp.*, 958 F.2d 75, 79 (5th Cir. 1992) (citations omitted); *see also City of Midland v. O'Bryant*, 18 S.W.3d 209, 215

18

(Tex. 2000) ("We have specifically rejected the implication of a general duty of good faith and fair dealing in all contracts.") (internal quotation marks omitted). The Texas UCC provides that "[e]very contract or duty within this title imposes an obligation of good faith in its performance and enforcement." Tex. Bus. & Com. Code Ann. § 1.304. "Texas courts have consistently held [that] [t]his section does not support an independent cause of action for failure to perform or enforce in good faith." *Specialties of Mexico Inc. v. Masterfoods USA*, No. CIV.A. L-09-88, 2010 WL 2488031, at *7 (S.D. Tex. June 14, 2010) (citing § 1.304 cmt. 1 and *N. Nat. Gas Co. v. Conoco, Inc.*, 986 S.W.2d 603, 606–07 (Tex. 1998)) (internal quotation marks omitted). "Without an underlying contract to which the duty of good faith can attach, this claim cannot stand on its own." *Id.*

Here, Defendant asserts that there is no special relationship between it and Plaintiff that would give rise to a duty of good faith. (Doc. 64 at 8.) Plaintiff responds by asserting that the duty of good faith *did not* arise from "a contractual relationship with the defendant." (Doc. 67 at 16.) She claims Defendant violated her due process rights under § 1983. (Doc. 68 at 5-6.) Plaintiff's argument is unrelated to the question of whether there was a special relationship that gave rise to the duty of good faith. As Plaintiff points to no "underlying contract to which the duty of good faith can attach, this claim cannot stand on its own." *Specialties of Mexico Inc.*, 2010 WL 2488031, at *7. Summary judgment should be granted in favor of Defendant. Plaintiff's motion for summary judgment should be denied.

### 3.     *Defamation and Slander*

Defendant argues that because Plaintiff failed to state a claim for defamation or slander, it is entitled to summary judgment. (Doc. 64 at 10.) Plaintiff cross-moves for summary judgment, asserting that Defendant's failure to notify her caused her to suffer "stigma that foreclosed her

19

freedom to take advantage of other banking opportunities."  (Doc. 68 at 14.)

"Defamation is a false statement about a person, published to a third party, without legal excuse, which damages the person's reputation."  *Fiber Sys. Int'l, Inc. v. Roehrs*, 470 F.3d 1150, 1161 (5th Cir. 2006) (citing *Moore v. Waldrop*, 166 S.W.3d 380, 384 (Tex. App.—Waco 2005, no pet.)).  "Defamatory statements are 'published' if they are communicated to a third party capable of understanding their defamatory connotation and in such a way that the third party did so understand."  *Crouch v. J.C. Penney Corp., Inc.*, 564 F. Supp. 2d 642, 646 (E.D. Tex. 2008), *aff'd*, 337 F. App'x 399 (5th Cir. 2009).  Slander is oral defamation.  *See Fields v. Keith*, 174 F. Supp. 2d 464, 473 (N.D. Tex. 2001), *aff'd*, 273 F.3d 1099 (5th Cir. 2001) (citations omitted).  Both defamation and slander require any false statements to be communicated to a third party.

Defendant argues that Plaintiff's allegations involve no false statements communicated to a third party.  (Doc. 64  at 9-10.)  It is Plaintiff's burden to produce evidence that there are material facts in dispute.  The police report shows that the manager told the APD that Defendant "refused to do business with [Plaintiff]."  (*Id.* at 32.)  Plaintiff does not dispute the truth of this statement, and all of her claims are premised on her allegation that Defendant closed her accounts and effectively stopped doing business with her.  Plaintiff's affidavit also states that Defendant told the APD detective that it had closed her accounts because she gave "bad information and a bad check[.]"  (Doc. 68 at 41.)  She fails to present evidence that shows the information shared with the APD is false, however.  (*See* doc. 67 at 22-25.)  She also fails to point to evidence in the record showing that her reputation was damaged as a result of Defendant's or its manager's conduct.  Defendant should be granted summary judgment on the defamation and slander claim, and Plaintiff's motion for summary judgment should be denied.

### 4.        Breach of Ordinary Care; Negligence; Breach of Contract

Defendant asserts that it is entitled to summary judgment on Plaintiff's duty of ordinary care, negligence, and breach of contract claims because it sent her notice of the returned check and its intent to close her accounts.  (Doc. 64 at 9-10.)  Plaintiff cross-moves for summary judgment.  (Doc. 68 at 12, 14-15.)

With regard to ordinary care, § 4.201 of the Texas UCC provides that absent contrary intent, a collecting bank is "an agent or subagent of the owner of the item" sought to be collected.  *See*  Tex. Bus. & Comm. Code Ann. § 4.201 (West 2002).  Section 4.202 requires a collecting bank to "exercise ordinary care[19] in  presenting an item or sending it for presentment" and "sending notice of dishonor or nonpayment . . . ."  *Id.* at § 4.202; *Childs v. Fed. Reserve Bank*, 719 F.2d 812, 814 (5th Cir. 1983).

The elements of a negligence cause of action in Texas are: (1) the existence of a legal duty; (2) a breach of that duty; and (3) damages proximately caused by that breach.  *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540–41 (5th Cir. 2005) (citing *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)).  A legal duty is a general obligation imposed by law "apart from and independent of promises made and . . . the manifested intentions of the parties, to avoid injury to others."  *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 496 (Tex. 1991).

The essential elements of a breach of contract claim in Texas are: "(1) the existence of a

---

[19] "Ordinary care" is defined by the UCC as:
> [I]n the case of a person engaged in business means observance of reasonable commercial standards, prevailing in the area in which the person is located, with respect to the business in which the person is engaged. In the case of a bank that takes an instrument for processing for collection or payment by automated means, reasonable commercial standards do not require the bank to examine the instrument if the failure to examine does not violate the bank's prescribed procedures and the bank's procedures do not vary unreasonably from general banking usage not disapproved by this chapter or Chapter 4.

Tex. Bus. & Com. Code Ann. § 3.103(9) (West 2007).

valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 759 (N.D. Tex. 2012) (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009)).

Defendant submits that it did not breach the duty of ordinary care, the duty under negligence, and the business account application because it notified Plaintiff regarding the returned check and account closure. (Doc. 64 at 9-10.) It points to the Spinden declaration, which states that Defendant notified Plaintiff about the returned check and the account closure. (Doc. 65 at 4-5.) The declaration does not specify the address to which the notice was sent, however, or how the notice was sent. (*See id.*) Plaintiff's affidavit states that she did not receive any notice, and that Defendant should have sent notice to her P.O. Box address, where it had mailed everything in the prior nine years. (Doc. 68 at 40-41); *see Strickland v. Coleman*, 824 S.W.2d 188, 192 (Tex.App.–Houston [1st Dist.] 1992, no pet.) ("[E]vidence of custom or course of dealing is admissible to prove or interpret the terms of a contract."). She also submits the bank account closure documents, which reflect that her address on Defendant's record was the P.O. Box address. (Doc. 67 at 34-35.) Further, the business account application also identifies her P.O. Box address as her mailing address. (*Id.* at 37.) Her statement that the notice should have been sent to her P.O. Box, but was not, creates an inference that Defendant sent the notice to another address. Because all of the evidence, and inferences to be taken therefrom, must be viewed in a light most favorable to the non-movant, Plaintiff has identified sufficient evidence to create a genuine issue of material fact concerning whether Defendant sent her notice at her address of record. *See Anderson*, 477 U.S. at 255. Defendant should be denied summary judgment on the ordinary care, negligence, and breach of

22

contract claims.

Plaintiff cross-moves for summary judgment on the ordinary care claim.  She seems to argue that because Defendant is an agent of Plaintiff, it is liable.  (Doc. 68 at 12.)  Plaintiff, as the movant, must inform the court of the basis of its motion and identify the evidence that shows there are no genuine issues of material fact, and she fails to do so here.  *See Celotex Corp.*, 477 U.S. at 323.  Plaintiff should be denied summary judgment on the ordinary care claim.

Plaintiff also moves for summary judgment on negligence and breach of contract claims, asserting that because Defendant violated her due process rights under § 1983, she is entitled to summary judgment.  (Doc. 68 at 12, 14-15.)  She fails to make an argument, or produce evidence that tends to show that Defendant breached any duty or contract.  *See Celotex Corp.*, 477 U.S. at 323.  Plaintiff should be denied summary judgment on the negligence and breach of contract claims.[20]

## VI.  RECOMMENDATION

Defendant's motion to dismiss under Rule 12(b)(6) should be **GRANTED,** and Plaintiff's claims under 18 U.S.C. §§ 493, 656, 1005 and 1006, 42 U.S.C. § 2000a, the GLBA, and 18 U.S.C. § 494 should be **DISMISSED**.  Defendant's motion for summary judgment should be **GRANTED in part** and **DENIED in part**.  Summary judgment should be granted in favor of Defendant on Plaintiff's claims under § 1983, the Federal Reserve Act (FRA), 12 U.S.C. § 503, the RFPA, breach of good faith, and defamation and slander.  It should be denied as to the remaining claims, i.e. breach of ordinary care under the UCC, negligence and breach of contract.  Plaintiff's motions for summary judgment should be **DENIED**.  Plaintiff's motion for leave to file third amended complaint is

---

[20]  Plaintiff also lists and seeks summary judgment on a stand-alone claim for "failure to send proper notice" but cites no legal authority in support.  (*See* docs. 38 at 5; 68 at 11.)  The allegation that Defendant did not notify her of its actions with respect to her accounts is properly addressed in the context of her substantive claims.

**DENIED**.

      **SO RECOMMENDED** on this 22nd day of August, 2014.

*[signature]*

IRMA CARRILLO RAMIREZ

UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*

IRMA CARRILLO RAMIREZ

UNITED STATES MAGISTRATE JUDGE

24
