IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERRI R. LOWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:12-CV-1725-G-BH |
| | ) | |
| VIEWPOINT BANK, | ) | |
| | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for pretrial management. Before the Court is *Defendant Viewpoint Bank's Second Motion to Dismiss for Failure to State a Claim and Second Motion for Summary Judgment*, filed October 7, 2014 (doc. 85). Based on the relevant filings, evidence, and applicable law, the motion for summary judgment should be **GRANTED**, and the motion to dismiss should be **DENIED as moot.**

**I. BACKGROUND**

On June 4, 2012, Sherri R. Lowe (Plaintiff) filed this *pro se* action against ViewPoint Bank (Defendant) after it closed her business and personal accounts. (*See* doc. 3 at 1.)[1] She contends that she is the owner of "Lowe's Consulting Services, Inc." (LCS). (doc. 38 at 1–2.) On May 15, 2010, she opened a checking account with Defendant on behalf of LCS and deposited a $1,500 check from one of its clients. (*Id.* at 8, 28–31.) According to Brandon Spinden, the branch manager of Defendant's branch office in Addison, Texas, the $1,500 check was returned for insufficient funds. (doc. 65 at 5; doc. 87 at 3.) Defendant subsequently closed both Plaintiff's business and personal checking accounts due to alleged fraudulent activity. (Doc. 65 at 1.) Spinden testified that no

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

checks were ever presented by third parties for payment on her business account. (doc. 87 at 3.) One of Defendant's managers explained to Plaintiff that upon investigation, her business was found to not be located at the address she had provided, and that the check she had deposited was fraudulent. (Doc. 68 at 3.) Plaintiff later filed a report with the Addison Police Department. (*Id.* at 4, 30.) She told the investigating officer that she "was missing $112" as a result of Defendant's actions. (*Id.* at 33.) When the officer inquired with the bank, the bank manager responded that Defendant "refused to do business" with Plaintiff and would mail her a certified check "as per Bank procedure." (*Id.* at 4, 40-41.)

In her second amended complaint, she asserts federal claims for violations of her Fifth Amendment due process rights under 42 U.S.C. § 1983, several federal criminal statutes, the Right to Financial Privacy Act (RFPA), and the Gramm-Leach-Bailey Act, and for invidious discrimination under Title II of the Civil Rights Act of 1964. (*See* doc. 38 at 2–8.) She also asserts state law claims for breach of the duty of good faith, breach of ordinary care under the Texas Uniform Commercial Code (UCC), negligence, defamation, slander, and breach of contract. (*See id.*)

On December 9, 2013, Defendant moved to dismiss some of her claims for failure to state a claim and for summary judgment on the remaining claims, and Plaintiff filed a cross-motion for summary judgment on January 3, 2014. (*See* docs. 63, 68). On August 22, 2014, in response to the motions, the Court dismissed all of her federal claims as well as her state claims for breach of the duty of good faith, defamation and slander. (doc. 78.) After being granted leave, Defendant filed a second motion to dismiss and for summary judgment as to Plaintiff's remaining claims on October

7, 2014.[2] (doc. 85.) After a timely response to both motions (doc. 90) and a reply (doc. 91), the motions are ripe for recommendation.

## II. MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's remaining claims for breach of the duty of ordinary care, negligence, and breach of contract under Fed. R. Civ. P. 12(b)(6). (doc. 86 at 2.)

**A.     Procedural Basis for Motion**

Rule 12(b)(6) provides a basis for dismissal when the plaintiff has failed to state claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion under Rule 12(b)(6) must be made before the defendant files a responsive pleading, however. Fed. R. Civ. P. 12(b). Defendant filed an answer to Plaintiff's second amended complaint on September 23, 2014. (*See* doc. 79.) Because Defendant filed its answer before its motion to dismiss, Rule 12(b)(6) is inapplicable.

Like Rule 12(b)(6), Rule 12(c) provides a means "to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002) (citation omitted). Unlike a motion under Rule 12(b)(6), however, a party may file a motion under Rule 12(c) "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Defendant's motion is therefore construed

---

[2]Plaintiff objects to Defendant's contention that only her claims for breach of ordinary care under the UCC, negligence, and breach of contract remain pending. (doc. 90 at 1.) She argues that her claims for "[b]reach of Standard Retail Banking Agreement, Breach of Deposit Contract, Negligence, Breach of Ordinary Care, Failure to Send Proper Notice, and Breach of Good Faith" have not been ruled on by the Court. (*Id.*) Plaintiff's claim for breach of good faith was dismissed on September 16, 2014. (*See* doc. 78.) The allegation supporting her "failure to send proper notice" claim was found to be properly addressed in the context of her substantive claims and not as a stand-alone claim. (*See* doc.74 at 23.) Finally, Plaintiff's "breach of standard retail banking agreement/violation of 12 USC § 3403(a)" claim was considered in conjunction with her claim for violation of the RFPA, which was also dismissed on September 16, 2014. (*See* doc. 74 at 15; doc. 78.) Only Plaintiff's claims for breach of ordinary care, negligence, and breach of the deposit contract agreement remain pending, so her objection is overruled.

as a 12(c) motion for judgment on the pleadings. *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (finding the court may construe an untimely 12(b)(6) motion as a 12(c) motion for judgment on the pleadings based on failure to state a claim).

**B.     Applicable Standard**

The standard for deciding a Rule 12(c) motion is the same as for a Rule (b)(6) motion to dismiss. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quotation marks omitted).

Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must

4

"raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. "Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Documents "attache[d] to a motion to dismiss are [also] considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). Lastly, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994).

When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes

of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. Oct. 5, 2007). "If . . . matters outside the pleading[s] are presented to and not excluded by the court," however, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). Rule 12(d) requires only that the non-movant be given notice that "the district court could treat the motion as one for summary judgment, not [whether] the court would in fact do so." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990) (citing *Isquith*, 847 F.2d at 193). "A non-moving party receives adequate notice when it is aware that the movant has placed matters outside the pleadings before the district court for its review." *Guiles v. Tarrant Cnty. Bail Bond Bd.*, 456 F. App'x 485, 487 (5th Cir. 2012).

Here, the motion to dismiss moves to dismiss the same claims on the same basis as the motion for summary judgment. Defendant attaches evidence to the motions that is outside of the pleadings because it was neither referred to in the complaint nor attached to it. Accordingly, the Court proceeds to the motion for summary judgment.

### III. MOTION FOR SUMMARY JUDGMENT

Defendant moves for summary judgment on Plaintiff's remaining claims for breach of the duty of ordinary care, negligence, and breach of contract. (doc. 86 at 2, 4-6.)

**A.** **Summary Judgment Standard**

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[T]he substantive law [determines] which facts are material."

6

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. The movant must inform the court of the basis of its motion and identify the evidence that shows there are no genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in her favor. *Anderson*, 477 U.S. at 249.

All of the evidence must be viewed in a light most favorable to the motion's opponent. *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Nevertheless, neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claims and must "articulate the precise manner in which that evidence supports [the] claim[s]." *Ragas v. Tenn. Gas Pipeline, Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to her case and as to which she will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322–23.

Courts generally liberally construe the pleadings of a *pro se* plaintiff. *See Haines v. Kerner*,

7

404 U.S. 519, 520–21 (1972) (per curiam). Rule 56 imposes no obligation "to sift through the record in search of evidence to support a party's opposition to summary judgment", however. *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.1998)). Parties must "identify specific evidence in the record" supporting challenged claims and "articulate the precise manner in which that evidence supports [those] claim[s]." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

**B.** **Lack of Damages**

Plaintiff alleges in her complaint that Defendant failed to send proper notice about "the investigation" in a timely manner and to send a notice of dishonor.[3] (doc. 38 at 6.) She contends that Defendant breached the deposit contract agreement by failing to "render proper notice of denial of deposit liability." (*Id*. at 7.) Defendant argues that Plaintiff may prevail on her remaining breach of ordinary care, negligence, and breach of contract claims only if she proves damages. (doc. 86 at 2.) It seeks summary judgment as to those claims on the basis that the summary judgment evidence establishes that she suffered no damages.[4] (*Id*.)

Plaintiff must prove that she suffered damages in order to prevail on her claims for breach

---

[3]She clarifies in her response that Defendant failed to give her timely notice of "nonpayment of check" by sending it after she went to the Addison Police Department. (doc. 90 at 10, 19.)

[4]Defendant also argues in support of its motion for summary judgment that Plaintiff's breach of ordinary care and negligence claims are barred by limitations, and that Plaintiff's remaining claims are based on her contention that Defendant breached its "duty and agreement" by failing to send her notice of the returned check to her Post Office box. (doc. 86 at 5-6.) It contends that the summary judgment evidence established that it did send the notice to her P.O. Box. (*Id*.) Because Plaintiff's breach of ordinary care, negligence, and breach of contract claims are otherwise subject to dismissal, it is unnecessary to reach these arguments.

of ordinary care,[5] negligence,[6] and breach of contract.[7] She argues that she did, in fact, sustain damages in the amount of $1,500. (doc. 90 at 10.) She states that if Defendant had given her "notice of nonpayment" within a reasonable time after its "receipt by the other bank," she would have been able to obtain payment or "sufficient security" to cover her bills and "would have been without loss." (*Id.*)

Defendant submits testimony from Mr. Spinden that Plaintiff's $1,500 check was returned for insufficient funds, and that Plaintiff's accounts were closed in accordance with Defendants' policies and procedures. (doc. 65 at 4-5.) Mr. Spinden also testified that no checks were ever presented by any third parties for payment on the account in which Plaintiff submitted the $1,500 check. (doc. 87 at 3.) Even assuming Defendant failed to give her notice that her check was dishonored in a timely manner, or at all, she never lost the money or access to it because it was never available to her, and no third parties presented any checks written by her for payment on the account.

---

[5] Section 4.202 of the Texas UCC requires a collecting bank to "exercise ordinary care in presenting an item or sending it for presentment" and "sending notice of dishonor or nonpayment . . . ." Tex. Bus. & Comm. Code Ann. § 4.202 (West 2002); *Childs v. Fed. Reserve Bank*, 719 F.2d 812, 814 (5th Cir. 1983). "Ordinary care" is defined by the UCC in relevant part as "observance of reasonable commercial standards, prevailing in the area in which the person is located, with respect to the business in which the person is engaged." Tex. Bus. & Comm. Code Ann. § 3.103(9) (West 2007). Section 4.103(e) allows for damages for failure to exercise ordinary care in handling an item in the amount of the item reduced by the amount that could not have been realized by the exercise of ordinary care. Tex. Bus. & Comm. Code Ann. § 4.103(e). In the case of bad faith, the measure of damages includes any other damages one suffered as a proximate consequence. *Id.* Accordingly, one must prove damages in order to prevail on a claim for violation of § 4.202's requirement of ordinary care.

[6] The elements of a negligence cause of action in Texas are: (1) the existence of a legal duty; (2) a breach of that duty; and (3) damages proximately caused by that breach. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540–41 (5th Cir. 2005) (citing *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)). A legal duty is a general obligation imposed by law "apart from and independent of promises made and . . . the manifested intentions of the parties, to avoid injury to others." *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 496 (Tex. 1991).

[7] The essential elements of a breach of contract claim in Texas are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 759 (N.D. Tex. 2012) (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009)).

In other words, regardless of whether she received timely notice that the check was dishonored, she would not have recovered the sum represented by the check. *See Wells Fargo, N.A. v. Citizen's Bank of Texas, N.A.*, 181 S.W.3d 790, 809 (Tex. App.–Waco 2005, pet. denied)(finding there was no evidence to support trial court's finding of damages where the depository bank could not have recovered the sums represented by the checks at issue even if the collecting bank had exercised ordinary care under § 4.202 of the Texas UCC). Defendant has met its summary judgment burden. The burden shifts to Plaintiff to submit evidence showing the existence of a genuine issue of material fact as to whether she suffered damages in the amount of $1,500 due to Defendant's alleged failure to timely give her notice that her check was dishonored. She fails to submit any such evidence.

Accordingly, Defendant's motion for summary judgment as to Plaintiff's remaining claims for breach of ordinary care, negligence, and breach of contract should be granted. *See Wells Fargo*, 181 S.W.3d at 809-10 (rendering judgment on the plaintiff's claim for breach of duty of ordinary care because there was no evidence to support the trial court's finding of damages); *Super Future Equities, Inc. v. Wells Fargo Bank Minnesota, N.A.*, No. 3:06-cv-0271, 2007 WL 4410370, at *16 (N.D.Tex. Dec. 14, 2007) (finding failure to show damages is an appropriate ground for granting summary judgment on a negligence claim and awarding summary judgment on plaintiff's negligence claim where it failed to provide evidence that it had been damaged); *Larson v. Groos Bank, N.A.*, 204 B.R. 500, 502 (W.D. Tex. 1996) (holding the defendants were entitled to judgment as a matter of law on their negligence claim where the plaintiff admitted he suffered no damages and therefore could not prove damages); *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 466 (5th Cir. 2003) (finding the district court properly granted summary judgment on breach of contract claim

where the plaintiff was not damaged by the alleged breach and therefore could not demonstrate all the elements of a breach of contract claim); *Lexxus Intern., Inc. v. Loghry*, 512 F.Supp. 2d 647, 666 (N.D. Tex. 2007) (holding damages remain an essential element of a cause of action for breach of contract under Texas law and granting summary judgment on the plaintiffs' breach of contract claim where they failed to create a genuine issue of material fact that suffered damages as a result of the alleged breach).

## IV.  RECOMMENDATION

Defendant's second motion for summary judgment should be **GRANTED,** and Plaintiff's remaining claims for breach of ordinary care, negligence, and breach of contract should be **DISMISSED with prejudice**.  Defendant's second motion to dismiss for failure to state a claim should be **DENIED as moot**.

**SO RECOMMENDED** on this 8th day of June, 2015.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

11

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                              IRMA CARRILLO RAMIREZ
                                              UNITED STATES MAGISTRATE JUDGE